Jason Kuller, NV Bar No. 12244
Rachel Mariner, NV Bar No. 16728
**RAFII & ASSOCIATES, P.C.**
1120 N. Town Center Dr., Suite 130
Las Vegas, Nevada 89144
Telephone: 725.245.6056
Facsimile: 725.220.1802
jason@rafiilaw.com
rachel@rafiilaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JALA HARPER, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHWEST AIRLINES CO. and DOES 1-50, inclusive,<br><br>Defendants. | Case No.: 2:24-cv-01799-APG-DJA<br><br>**JOINT STIPULATION TO STAY DEADLINE TO SUBMIT PARTIES' PROPOSED DISCOVERY PLAN AND SCHEDULING ORDER (INCLUDING ALL ASSOCIATED CASE DEADLINES) AND TO EXTEND BRIEFING SCHEDULE ON PENDING MOTIONS FOR SANCTIONS [ECF 26] AND TO DISMISS [ECF 27]**<br><br>**(First Request)** |

Plaintiff JALA HARPER, on behalf of herself and all other similarly situated, and Defendant SOUTHWEST AIRLINES CO. ("Southwest") (collectively "Parties"), by and through their undersigned counsel, hereby agree and stipulate to stay the deadline to submit a proposed discovery plan and scheduling order ("DPSO"), including all associated case deadlines, until the disposition of Defendant's pending Motion for Sanctions [ECF 26] ("Sanctions Motion") and pending Motion to Dismiss and Motion to Strike [ECF 27] ("Dismiss Motion") (collectively "Motions"), and to extend the briefing schedule on the Motions as follows:  Plaintiff shall have until next Tuesday, **March 4, 2025**, to file a response to the Sanctions Motion and until the following Tuesday, **March**

1

**JOINT STIPULATION TO STAY DPSO AND TO EXTEND BRIEFING DEADLINES**

**11, 2025**, to file a response to the Dismiss Motion, and Defendant shall have until **March 11, 2025**, and **March 18, 2025**, respectively, to file replies in support of the Motions.  This stipulation is submitted and based upon the following.

1. This is the Parties' first request for a stay of the DPSO and associated case deadlines, and to extend the briefing schedule on the Motions.

2. On February 12, 2025, Defendant filed a Motion for Sanctions [ECF 26].

3. Two days later, on February 14, 2025, the Parties conducted their conference on a proposed DPSO pursuant to FRCP 26(f) and LR 26-1(a), and a draft of the proposed DPSO was prepared and circulated.

4. Four days later, on February 18, 2025, Defendant filed a Motion to Dismiss and Motion to Strike [ECF 27].

5. During their conference on the proposed DPSO, the Parties discussed the possibility of avoiding the time and expense of imminent discovery deadlines, including the service of initial disclosures due to be made this Friday, February 28, 2025.  The Parties also discussed the possibility of tolling the statute of limitations on Plaintiff's claims, including the claims of putative class and collective member (collectively, "Putative Members"), during pendency of any discovery stay.

6. The Parties' DPSO is due to be filed tomorrow on February 26, 2025, and during further discussions on their proposed DPSO, the Parties agreed on the stipulated terms expressed herein.

7. It is well recognized that "[c]ourts have broad discretion in managing their dockets." *Byars v. Western Best, LLC*, No. 2:19-CV-1690-JCM-DJA, 2020 WL 8674195, at *1 (D. Nev. Jul. 6, 2020), citing *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997).  In exercising such discretion, "courts are guided by the goals of securing the just, speedy, and inexpensive resolution of actions." *Id.*; *see also* Fed. R. Civ. P. 1.  The Parties agree that good cause exists to continue to stay the deadline for submission of a proposed DPSO and all associated case deadlines while Defendant's Motion to Dismiss remains pending, which may be dispositive of Plaintiff's claims or require further amendment of those claims.  *See Schrader v. Wynn Las Vegas, LLC*, No. 2:19-cv-02159-JCM-BNW, 2021 WL 4810324, at *4 (D. Nev. Oct. 14, 2021); *Aristocrat Techs., Inc. v. Light & Wonder,*

*Inc.*, No. 2:24-CV-00382-GMN-MDC, 2024 WL 2302151, at *1 (D. Nev. May 21, 2024).

8. Submission of a proposed DPSO to commence discovery before the pleadings are resolved would cause unnecessary expense to the Parties, particularly because this is a putative class and collective action and may clog the Court's docket with potentially unnecessary discovery disputes or motion practice, including a motion for condition certification of Plaintiff's collective action claims. Consistent with the foregoing, the Parties agree they will be in a better position to discuss the necessary scope of discovery that will be needed, if any, and the amount of time necessary for both sides to gather evidence, once Defendant's Motion to Dismiss is resolved.

9. To facilitate and effectuate a stay of the proposed DPSO and associated case deadlines, the Parties further agree that it is in their mutual interests to toll any applicable statute of limitations for all claims and causes of action asserted in this action on behalf Plaintiff and any or all Putative Members from the date of filing of this Joint Stipulation until the earlier of: (a) the date on which the Court rules on Defendant's Motion to Dismiss or (b) the date on which the Parties may modify or terminate the terms of this tolling agreement by a separate writing.

10. As a result of the Parties' agreement, the only pending case deadlines are those on Defendant's Sanctions Motion and Dismiss Motion. Plaintiff's response to the Sanctions Motion is due to be filed today, February 26, 2025, and her response to the Dismiss Motion is due to be filed next Tuesday, March 4, 2025. In connection and consideration of the Parties' negotiations and the memorialization of their stipulated agreement, the Parties have also agreed to stipulate to an extension of the current briefing schedule deadlines for no more than a week.

11. For all these reasons, the Parties believe it is in the interest of judicial efficiency: (1) to submit their proposed DPSO after the Court rules on Defendant's Motion to Dismiss; and (2) to extend the current briefing schedule on the pending Motions for no more than a week.

12. This request is made in good faith and not for the purpose of delay.

THEREFORE, IT IS HEREBY STIPULATED by and between Plaintiff and Defendant as follows:

1. The deadline for the Parties to submit a proposed DPSO and all associated case deadlines shall be stayed until after the Court rules on Defendant's Motion to Dismiss [ECF 27];

3

**JOINT STIPULATION TO STAY DPSO AND TO EXTEND BRIEFING DEADLINES**

2. The claims of Plaintiff and each of the Putative Members shall be tolled as hereinabove provided; and

3. Plaintiff shall have until next Tuesday, **March 4, 2025**, to file a response to the Sanctions Motion and until the following Tuesday, **March 11, 2025**, to file a response to the Dismiss Motion, and Defendant shall have until **March 11, 2025**, and **March 18, 2025**, respectively, to file replies in support of the Motions.

Dated this 26th day of February, 2025.

**FORD HARRISON LLP**

*/s/ David Cheng* (w/permission)
David L. Cheng, Esq.
California Bar No. 240926
350 South Grand Avenue Suite 2300
Los Angeles, California 90071

HARTWELL THALACKER, LTD.
Doreen Spears Hartwell, Esq.
Nevada Bar No. 7525
11920 Southern Highlands Pkwy. Ste. 201
Las Vegas, Nevada 89141

*Attorneys for Defendant*
SOUTHWEST AIRLINES INC.

Dated this 26th day of February, 2025.

**RAFII & ASSOCIATES, P.C.**

*/s/ Jason Kuller*
Jason Kuller, Esq.
Of Counsel
Nevada Bar No. 12244
1120 N. Town Center Dr., Ste. 130
Las Vegas, Nevada 89144

*Attorneys for Plaintiff*
JALA HARPER

**IT IS SO ORDERED.**

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

DATED: 3/3/2025

## CERTIFICATE OF SERVICE

I hereby certify that on the date shown file stamped above, I served a true and correct copy of the foregoing pleading on all registered parties with the Court's electronic filing system.

    /s/ Jason Kuller
Jason Kuller
Of Counsel
RAFII & ASSOCIATES, P.C.
1120 N. Town Center Dr., Suite 130
Las Vegas, Nevada 89144
Tel:  (725) 245-6056
Fax: (725) 220-1802
jason@rafiilaw.com