Jason Kuller, NV Bar No. 12244
Robert Montes, CA Bar No. 159137
*(Pro Hac Vice)*
Rachel Mariner, NV Bar No. 16728
**RAFII & ASSOCIATES, P.C.**
1120 N. Town Center Dr., Ste. 130
Las Vegas, Nevada 89144
Phone: 725.245.6056
Fax: 725.220.1802
jason@rafiilaw.com
robert@rafiilaw.com
rachel@rafiilaw.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JALA HARPER, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br>v.<br>SOUTHWEST AIRLINES CO., a foreign corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:24-CV-01799-APG-DJA<br>ORDER GRANTING<br>**PLAINTIFF'S MOTION TO EXTEND TIME TO FILE RESPONSE TO DEFENDANT'S MOTION TO DISMISS AND MOTION TO STRIKE (ECF No. 27) PURSUANT TO FRCP 6(b)(1)(A) & LR IA 6-1(a)**<br><br>**(First Request)** |

Plaintiff Jala Harper, by and through her undersigned counsel, hereby moves the Court for a one-day extension of time pursuant to FRCP 6(b)(1)(A) and LR IA 6-1(a) to permit the late filing of Plaintiff's response to Defendant's motion to dismiss and motion to strike (ECF No. 27) ("Dismiss Motion") filed on February 18, 2025. Plaintiff's response to the Dismiss Motion ("Dismiss Response") is due to be filed by

midnight tonight on March 11, 2024, per the parties' joint stipulation on February 27, 2025 (ECF No. 30), granted by the Court on March 3, 2025 (ECF No. 31). By this Motion, Plaintiff seeks a brief one-day extension to file her Dismiss Response based on the following points and authorities, all pleadings on file in this matter, and any further argument or evidence entertained by the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  LEGAL STANDARD

Federal Rule of Civil Procedure 6(b)(1)(A) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time …with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." This rule is to be "liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian v. Xenon Pictures, Inc*., 624 F.3d 1253, 1259 (9th Cir. 2012) (ruling that district court abused its discretion in denying extension request). Consequently, requests for extensions of time "should normally be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Id*. (quoting 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1165 (3d ed. 2004) (internal quotations omitted)). As shown below, good cause exists for the requested extension of time to ensure that Defendant's Dismiss Motion is decided on the merits.

### II.  FACTUAL BACKGROUND

In response to Plaintiff's First Amended Complaint (ECF No. 24) ("FAC" or "Complaint"), Defendant filed both a Motion for Sanctions (ECF NO. 26) ("Sanctions Motion") and the Dismiss Motion (ECF No. 27) (collectively "Motions"). On February 27, 2025, the parties stipulated to extend the briefing schedule on Defendant's Motions by one week. ECF No. 30 ("Stipulation"). The Court granted the parties' Stipulation on March 3, 2025. ECF No. 31.

For reasons set forth in Plaintiff's motion to extend time to file response to Defendant's Sanctions Motion (ECF No. 33), Plaintiff was unable to file her response

to the Sanctions Motion ("Sanctions Response") until yesterday, March 10, 2025. S*ee* ECF No. 32. Because Defendant would not stipulate or consent to the late filing of Plaintiff's Sanctions Response, Plaintiff was required to move the Court for an extension ("Extension Motion") pursuant to FRCP 6(b)(1)(B) and LR IA 6-(a) based on a showing of excusable neglect. Researching and drafting the Extension Motion, as well as the supporting declaration and evidence, took several hours and limited the work time available to finalize and file Plaintiff's Dismiss Response. *See* ECF No. 33. Rather than risk missing the deadline on the Dismiss Response without Court permission, undersigned Plaintiff's counsel is filing this Motion and requesting a brief one-day extension.

### III.   ARGUMENT

Requesting an extension of time prior to the expired deadline requires a showing of "good cause." FRCP 6(b)(1)(A). "'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Ahanchian*, 624 F.3d at 1259. Here, good cause exists based on unexpected hours devoted to Plaintiff's Extension Motion and the resulting time crunch caused on the finalization of Plaintiff's Dismiss Response. A one-day extension poses hardly any risk of prejudice to Defendant and will hardly impact the judicial proceedings since the case is young and discovery is stayed pending the Court's ruling on Defendant's Dismiss Motion. Finally, the policy of hearing matters on their merits favor the requested extension. *See Ahanchian*, 624 F.3d at 1259.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## IV. CONCLUSION

It is within a trial court's sound discretion to determine whether to grant an extension of time. *See Ahanchian,* 624 F.3d at 1258. Based on the foregoing, good cause exists to grant the brief one-day extension requested. Accordingly, Plaintiff respectfully requests that the Court grant the instant Motion.

Respectfully submitted,

DATED: March 11, 2025          **RAFII & ASSOCIATES, P.C.**

_____
JASON KULLER
Of Counsel
*Attorneys for Plaintiff Jala Harper*

IT IS SO ORDERED:

Dated: March 12, 2025

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE